## LEPPER v. REILLEY.

No. 2836.   Decided February 11, 1916.   (155 Pac. 444.)

1. CONTRACTS—ACTIONS—EVIDENCE—DEFENSES.   In an action to recover for services rendered by plaintiff in drawing plans for construction or alteration of a building, defenses that defendant was acting merely as agent for another, and that plaintiff was to receive compensation only on condition that he and another obtained the contract for alteration, *held* raised by the evidence and properly submitted to the jury.   (Page 569.)

2. TRIAL—PROVINCE OF JURY—DIRECTED VERDICT.   Where the evidence is conflicting, direction of verdict is improper.   (Page 571.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie*, Judge.

Action by W. H. Lepper against C. H. Reilley.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

M. E. Wilson and E. A. Walton, for appellant.

W. H. Leary, for respondent.

## APPELLANT'S POINTS.

There is no real contention in the record on the part of the defendant that he was acting merely as the agent for a disclosed principal and so bound the principal and not himself. Nevertheless such is the theory on which the court submitted

the cause to the jury, thus implying most strongly and emphatically that the plaintiff should have sued the Brewing Company rather than Mr. Reilley. A more prejudicial or erroneous charge could not have been given. The instruction of the court should apply to the case and be based upon the facts therein, and instructions not responsible to any issue in the case is reversible error. (*Firman* v. *Bateman & Buehl*, 2 Utah, 268; *Holt* v. *Pearson*, 12 Utah, 63; *Fritz* v. *Western Union Tel. Co.*, 25 Utah, 263; *Edd* v. *U. P. Coal Co.*, 25 Utah, 293; *Manti City Savings Bank* v. *Peterson*, 33 Utah, 209.)

## RESPONDENT'S POINTS.

One who voluntarily submits to another sketches or plans, with a view to obtaining an order for work, and without promise or expectation of payment cannot recover therefor. (*Scott* v. *Maier*, 56 Mich. 554, 23 N. W. 218, 56 Am. Dec. 402; *Carey Lithograph Co.* v. *Magazine etc. Co.*, 70 Misc. [N. Y.], 541, 127 N. Y. Suppl. 300; *Pick* v. *Bartelstone*, 33 Misc. [N. Y.], 67 N. Y. Suppl. 908.) See also *Webb* v. *School*, 3 Phila. (Pa.) 125; *Kinney* v. *Manitowoc County*, 135 Fed. 491, 68 C. C. A. 203. And, although they are returned in such a condition as to be practically valueless, damages cannot be recovered therefor in an action for services rendered and material furnished. (40 Cyc. 2807.) Before a request and promise to pay will be implied, it must be shown not only that the services rendered were beneficial to the person receiving them, but that he knew, or had reasonable grounds for believing, that the person rendering them expected payment therefor. (*Viley* v. *Pettit*, 96 Ky. 576, 29 S. W. 438, 16 Ky. L. Rep. 650; *Frank* v. *McGilvray*, 144 Mich. 318, 107 N. W. 886; *Davidson* v. *Westchester Gas Light Co.*, 99 N. Y. 558, 2 N. E. 892; *Hart* v. *Maloney*, 101 N. Y. App. Div. 37, 91 N. Y. Suppl. 922; *Hewett* v. *Bronson*, 5 Daly (N. Y.) 1; *Harrison* v. *Gotleib*, 3 Ohio Cir. Ct. 191, 2 Ohio Cir. Dec. 109; *Meyer* v. *Livesley*, 56 Oreg. 383, 107 Pac. 476, 108 Pac. 121; 40 Cyc. 2809.)

STRAUP, C. J.

This is an action to recover for alleged services rendered by the plaintiff in drawing plans for the construction or alteration of a building. The answer is a general denial. The case was tried to the court and a jury, and resulted in a judgment for the defendant. The plaintiff appeals.

Among other things, the court charged the jury to find for the defendant if on the evidence they found that the defendant, with plaintiff's knowledge, acted merely as the agent for another and upon the understanding that he was not acting for himself personally. The court also charged to find for the defendant if on the evidence the jury found that it was agreed that the plaintiff was to receive compensation for drawing the plans only on the condition that he and another obtained the contract to alter or construct the proposed building. It is claimed there is no evidence to support such theories.

As to that the evidence shows the Lemps Brewing Company, at Salt Lake City, owned the ground and the building to be altered or constructed. The defendant, a wholesale and retail liquor dealer, was its distributor at that place. A Mr. Ridd testified that he was a general contractor and builder, and through the defendant knew of the alterations and improvements to be made, and that:

"I went to Mr. Lepper's office and told him there was a prospect coming up, and asked him if he would like to get in and see if we could land it. I told him Mr. Reilley was a particular friend of mine and would help me in landing the job; asked him if he would like to come in on the prospect. He said he would come in, as he had nothing on hand only prospect work. I made an appointment with Mr. Lepper to meet me at Lemps Bottling Works, and took him over the situation and got the measurements, and asked him to draw up the sketch for the proposed layout. Mr. Reilley was with us a part of the time. I was with Mr. Lepper all the time. No conversation transpired between Mr. Reilley and Mr. Lepper that I can remember of, unless it was on one point about the sewer or something. I saw Mr. Lepper a few days later. I went into the office one time. He showed me the plans which he had.

drawn up, and I says to him: 'Well, you have went to a little more bother than you really should have done. We just wanted a rough layout made, and I think you have gone to a little too much bother.' He says: 'Well, I wasn't doing anything, and I thought if I done this it would be a little inducement for the job; help get the job. I had nothing else to do, and maybe a nice set of plans would help to land the job.' After Mr. Reilley came back from the East, where the plans were submitted, I went to Mr. Lepper and told him that the plans that he furnished to me was not suitable, and that the architect, Mr. Norton, was coming out, and I would have a talk with him later on the plans and on the job; so it dropped about that. * * * I told Lepper that Reilley would pull for us or pull for me on the job. * * * I had just asked him (plaintiff) to draw a rough sketch for me, for my use, for my purpose. I was the one who hired or asked him to draw this for me, not to get an idea what I ought to bid on the contract, but to present to Reilley and assist me to get the job. I was going to present them to Mr. Reilley to present to the Lemp Brewing Company, as I thought. When I saw the elaborate work he had done, I said that was more than I needed, and had requested him to do on my account."

The defendant testified, in substance, that he did not order the plans, and had no conversation with the plaintiff about them until he presented the plans to him at his residence and showed them to him, but that he made no suggestions respecting them. He was asked if he was not "a general agent" of the brewing company, and he answered that he was not; that he was only a "distributor of their product," but not an agent. The plaintiff, in presenting his bill, made it out "William J. Lemp Brewing Company, C. H. Reilley, Agent, to W. H. Lepper, Dr."

The plaintiff testified:

"I did not make a charge on my books for this work. I mentally charged it to Mr. Reilley. I supposed the ground belonged to the Lemps. Mr. Reilley told me that the Lemps were going to construct the building for him. My bill was made out to Wm. J. Lemp Brewing Company, C. H. Reilley, Agent."

We think this evidence was sufficient to justify the instructions complained of.

It is further argued that upon the undisputed evidence the plaintiff was entitled to judgment. He did not ask a verdict to be directed in his favor, nor did he otherwise ask the court to withhold the case from the jury **2** and pronounce judgment in his favor. Had such a motion been interposed or such a request made, it would have been properly refused; for there is a sufficient conflict in the evidence respecting the issues to require a submission of the case.

The judgment therefore is affirmed, with costs.

FRICK and McCARTY, JJ., concur.